IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT ROOK d/b/a**
**ROBERT B. ROOK, M.D., P.A.**                                                                PLAINTIFF

v.                              Case No. 4:24-cv-00736-KGB

**UNITED STATES DEPARTMENT OF**
**HEALTH AND HUMAN SERVICE,** *et al.*                                                  DEFENDANTS

## ORDER

Before the Court is plaintiff Robert Rook d/b/a Robert B. Rook, M.D., P.A.'s motion for default judgment (Dkt. No. 4). Defendants United States Department of Health and Human Services and United States Department of the Treasury have responded in opposition to Dr. Rook's motion for default judgment (Dkt. No. 6). Also pending is defendants' motion to dismiss for insufficient service, lack of subject matter jurisdiction, and failure to state a claim for which relief can be granted (Dkt. No. 8). Dr. Rook has responded to defendants' motion to dismiss (Dkt. No. 12). Finally, pending is Dr. Rook's motion for extension of time to perfect service (Dkt. No. 10). Defendants have responded to the motion for extension (Dkt. No. 11). For the following reasons, the Court denies Dr. Rook's motion for default judgment (Dkt. No. 4) and grants his motion for extension of time to perfect service (Dkt. No. 10). The Court denies without prejudice defendants' motion to dismiss (Dkt. No. 8).

### I.   Dr. Rook's Motion For Default Judgment

In the motion for default judgment Dr. Rook asserts that he filed a complaint against defendants on August 29, 2024 (Dkt. No. 1). Dr. Rook contends that, on or about September 12, 2024, a packet containing the complaint and summons was delivered to the General Counsel of the United States Department of the Treasury by certified mail (Dkt. Nos. 3, ¶ 2; 4, ¶ 2). Dr. Rook

further maintains that, on or about September 10, 2024, a package was delivered to the General Counsel of the Department of Health and Human Services by certified mail, restricted delivery (Dkt. No. 2, at 4).  In his January 8, 2025, motion, Dr. Rook claims that he is entitled to default judgment against defendants because more than 30 days passed during which time defendants had not answered the complaint or otherwise appeared (Dkt. No. 4, ¶¶ 3, 7).

Defendants responded to the motion for default judgment and asserted that service in the case had not been perfected because Dr. Rook did not serve a copy of the complaint and summons on the United States Attorney for the Eastern District of Arkansas or the Attorney General of the United States as required by Federal Rule of Civil Procedure 4(i)(1)–(2) (Dkt. No. 6, ¶ 4). Defendants assert that the Court should deny the motion for default judgment for lack of proper service on defendants (*Id.*, ¶ 6).

After reviewing defendants' response to the motion for default judgment and defendants' motion to dismiss in part for improper service, Dr. Rook admitted in a motion for extension of time to perfect service that "[p]laintiff erroneously followed Fed. R. Civ. P. 4(c)(2), 5(b)(1), and 5(b)(2)(C)" in serving defendants (Dkt. No. 10, ¶ 10).  In the motion, Dr. Rook seeks additional time to serve properly the defendants (Dkt. No. 10).

Because Dr. Rook did not properly serve defendants, the Court denies Dr. Rook's motion for default judgment (Dkt. No. 4).

**II.     Motion For Extension Of Time To Perfect Service**

Having concluded that Dr. Rook has not properly served defendants, the Court must determine whether to grant him additional time to serve defendants.  As set forth above, in his motion seeking an extension of time to perfect service on defendants, Dr. Rook admits that that he

erroneously followed Federal Rules of Civil Procedure 4(c)(2), 5(b)(1), and 5(b)(2)(C) to serve defendants, and the 120 days for service on the defendants has elapsed (Dkt. No. 10, ¶ 10).

Defendants assert that this case must be dismissed for improper service unless the Court finds that good cause exists for failure to serve under Federal Rule of Civil Procedure 4(m) (Dkt. No. 11, ¶ 4). Defendants also state that, even if the Court finds good cause, Dr. Rook's complaint should be dismissed for other reasons as set forth in defendants' motion to dismiss (*Id.*, ¶ 5).

### A.     Standard

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In other words, if the Court concludes that there is good cause for plaintiff's failure to serve timely, the Court *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Under controlling law, to warrant a discretionary extension, the plaintiff must establish excusable neglect. *See Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010); *Colasante v. Wells Fargo Corp.*, 81 F.App'x. 611, 613 (8th Cir. 2003) (per curiam) (unpublished) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)).

### 1.     Good Cause Pursuant To Rule 4

Federal Rule of Civil Procedure 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002); *see also Colasante*, 81 F.App'x. at 613 ("There is

no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)."). "A showing of good cause requires at least 'excusable neglect'— good faith and some reasonable basis for noncompliance with the rules." *Adams,* 74 F.3d at 887. "[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." Wright & Miller § 1137, *supra* at 342.

At its core, however, the standard of good cause is "necessarily amorphous" with the determination entrusted to the sound and considerable discretion of the district court. *Colasante,* 81 F.App'x. at 613; *see also Kurka*, 628 F.3d at 958.

### 2. Excusable Neglect Pursuant To Rule 4

The Eighth Circuit Court of Appeals has described excusable neglect as "an 'elastic concept' that empowers courts to" provide relief where a party's failure to meet a deadline is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (reviewing excusable neglect under Fed. R. Civ. P. 6(b)) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.*

In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the

4

potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.,* 496 F.3d 863, 866 (8th Cir. 2007) (citation omitted). These factors do not bear equal weight; the reason for delay is generally a key factor in the analysis. *See In re Guidant Corp.,* 496 F.3d at 867.

Because the judicial preference is for adjudication on the merits, the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant. *See Chorosevic,* 600 F.3d at 947 (finding the denial of a motion to file out of time would have imposed on the appellees a severe penalty unmatched by any prejudice to the appellant). "However, 'the running of the statute of limitations does not require the district court to extend time for service of process.'" *Adams,* 74 F.3d at 887 (quoting *Petrucelli,* 46 F.3d at 1306); *see also Colasante,* 81 F.App'x. at 613 (determining the district court did not abuse its discretion in finding no good cause or excusable neglect in the plaintiff's "inattention to procedural rules," even though dismissal without prejudice effectively barred plaintiff's claim).

    **B.**    **Analysis**

In his complaint, Dr. Rook contends that he is entitled to retain payments given to him under the Coronavirus Aid, Relief, Economic and Security ("CARES") Act (Dkt. No. 1, ¶¶ 7–14). The complaint alleges that the payments that Dr. Rook received were to provide relief funds for medical doctors who were in operation during COVID (*Id*., ¶ 7). Dr. Rook admits that he attempted service of the complaint on the defendants, but he did not serve defendants properly (Dkt. No. 10, ¶ 10).

5

On the record before the Court, the Court does not find good cause to require the Court to grant the requested extension. However, the Court finds excusable neglect under the circumstances presented. Accordingly, the Court grants Dr. Rook's motion for extension of time to perfect service and extends for 45 days from the entry of this Order the time in which Dr. Rook has to serve perfect service on the defendants (Dkt. No. 10).

### III. Motion To Dismiss For Insufficient Service, Lack Of Subject Matter Jurisdiction, And Failure To State A Claim For Which Relief Can Be Granted

Because the Court is granting Dr. Rook additional time to serve defendants, the Court denies defendants' motion to dismiss Dr. Rook's complaint for insufficient service (Dkt. No. 8). The Court will permit Dr. Rook the opportunity to serve properly the complaint upon defendants. The Court also denies without prejudice defendants' other grounds for dismissal of Dr. Rook's complaint at this stage in the proceedings (Dkt. No. 8).

The Court recognizes that defendants' arguments for dismissing Dr. Rook's claims might remain the same in response to Dr. Rook's complaint when and if the complaint is served properly on defendants. Should defendants seek to dismiss Dr. Rook's complaint after it has been served properly, defendants must file a separate motion responsive to the complaint but may incorporate by reference arguments made in defendants' prior pleadings as set forth in Federal Rule of Civil Procedure 10(c).

### IV. Conclusion

For the foregoing reasons, the Court denies Dr. Rook's motion for default judgment (Dkt. No. 4). The Court grants Dr. Rook's motion for extension of time to perfect service and extends for 45 days from the entry of this Order the time in which Dr. Rook has to perfect service on the defendants (Dkt. No. 10). The Court denies without prejudice defendants' motion to dismiss for

insufficient service, lack of subject matter jurisdiction, and failure to state a claim for which relief can be granted (Dkt. No. 8).

It is so ordered this 9th day of June, 2025.

_____
Kristine G. Baker
Chief United States District Judge